UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFERY L. THOMPSON,

        Plaintiff,

      v.                                    Case No. 26-cv-0808-bhl

WISCONSIN DEPARTMENT OF CORRECTIONS,

        Defendant.

## SCREENING ORDER

Plaintiff Jeffery Thompson, who is currently incarcerated at the Racine County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Thompson's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Thompson has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Thompson has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $50.00. Thompson motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of

Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

According to Thompson, his sentence in *Wisconsin v. Thompson*, Racine County Case No. 91-CF-139 was discharged on December 29, 2007. He states that, despite the sentence being discharged, he was returned to prison on April 23, 2009, after being revoked for a parole violation. He states that he was in prison until January 15, 2013, at which time he was released to supervision. According to Thompson, he did not become aware of being improperly incarcerated until June 2025 because "it was hidden in the record of Case No. 91CF139." Thompson asserts that the Department of Corrections' mistake cost him years of his life.

### THE COURT'S ANALYSIS

According to Thompson, he was imprisoned for years even though his criminal sentence had been discharged. He states that he just learned of this because the Department of Corrections' error was buried in the court record. Thompson's assertions are demonstrably false. Based on state court records, of which the Court may take judicial notice, Thompson raised this very issue in November 2010 in a petition for a writ of habeas corpus. *See Thompson v. Warden Boatwright*,

2

Juneau County Case No. 2010-cv-491. Thompson's petition was denied in the circuit court, and on January 31, 2011, Thompson filed a notice of appeal. On July 7, 2011, the respondent explained that Thompson was convicted and sentenced in Case No. 91-CF-139 on three counts. *See Wisconsin ex rel. Thompson v. Warden Boatright*, Case No. 2011AP242 at 6. Thompson received terms of imprisonment for Counts 1 and 3 and a term of probation for Count 2. The respondent further explained that Thompson's sentence of probation on Count 2 did not begin until he completed his sentences of imprisonment for Counts 1 and 3. The discharge certificate issued on December 29, 2007, applied only to his sentences of imprisonment for Counts 1 and 3. Thompson was not *fully* discharged until the probation on Count 2 ended seven years later, on December 29, 2014. Accordingly, Thompson was on probation at the time of his revocation in April 2009. On December 27, 2011, the appellate court summarily affirmed the circuit court's order.

Based on the foregoing, Thompson's complaint, in which he alleges that he was improperly revoked and imprisoned after his sentence was discharged, is legally and factually frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (holding that a court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless).

**IT IS THEREFORE ORDERED** that Thompson's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) as frivolous.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of Thompson shall collect from his institution trust account the $300.00 balance of the filing fee by collecting monthly payments from Thompson's prison trust account in an amount equal to 20% of the preceding month's income credited to Thompson's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Thompson is transferred to another institution, the transferring institution shall forward a copy of this Order along with Thompson's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Milwaukee, Wisconsin this 5th day of June, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final.  Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment.  *See* Fed. R. App. P. 3, 4.  This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).  If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome.  If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court.  *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious.  *See* 28 U.S.C. §1915(g).  If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury.  *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b).  Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment.  Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment.  The Court cannot extend these deadlines.  *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.